MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent.
The majority opinion states: “we hold that for the purposes of tenure, teaching business education is comparable to teaching physical education.”
If the Montana education system contained only one-room school houses, staffed with renaissance personnel, I could, perhaps, accept that holding.
That situation fortunately has been replaced by a system which requires departmentalization not only by age, but by abilities and talents. Article X, Section 1 of the Montana *338 Constitution declares our educational goals and duties by stating: “(1) It is the goal of the people to establish a system of education which will develop the full educational potential of each person ... (3) The legislature shall provide a basic system of free quality public elementary and secondary schools . . .”
The board of trustees of each school district is specifically charged with carrying out the Constitutionally declared public policy.
It was clearly within the authority of the trustees of the Custer County District High School to set the qualification standards for employment as a teacher in the district, and the parties stipulated that it was the policy of the board to attempt to hire teachers with a major in the field to be filled. It is clear that the respondent would not have been hired as a physical education teacher by the district.
In my view, the majority, by elevating “certification” to the level of “tenure” has effectively removed a substantial portion of the local trustees’ authority to set qualification standards, and has transferred that authority to the State Superintendent of Public Instruction and the Board of Public Education.
In Smith v. School District No. 18 (1943), 115 Mont. 102, 112, 139 P. 2d 518, the Montana Supreme Court quoted, with approval, the Supreme Court of the State of Minnesota, as follows:
“A holding that a teacher tenure position extended to and included the right to teach any subject, major or minor, for which he held a certificate, regardless of whether he was employed or assigned to teach such subject, and that such right was equal to that of another teacher specially qualified to teach a subject and employed for that reason might be a ‘consummation devoutly to be wished’ by the teaching profession, but certainly not by a board desiring to improve the educational standards of its schools. It would complicate rather than simplify the administration of schools, and this to their definite disadvantage. The (certification) stat *339 utes referred to merely fix the qualifications for teaching ‘positions’ and do not make a teacher’s ‘qualifications’ and his ‘position’ coextensive.” State ex rel Ging v. Board of Education of City of Duluth (Minn. 1942), [213 Minn. 550,] 7 N.W.2d 544, 561.
In State ex rel Ging, cited in the Smith decision, the Minnesota Supreme Court stated:
“Clearly, the statute should receive a construction in harmony with its well understood purposes, yet not one so liberal as to result in subordinating the paramount rights and welfare of the public at large and of the school children to those of the individual teachers. The adoption of a liberal construction to combat the evils to which the law was directed does not permit a construction so benevolent toward teachers that, by eliminating one evil, we create another: that of transferring from the school boards, the duly elected representatives of the parents, taxpayers and other electors of the school district, to the teachers and the courts the management, supervision, and control of our school systems vested in such boards by other statutes.”
The Smith decision has guided school boards for more than forty years and is now overruled by the majority without discussion.
It is obvious that this opinion will cause a drastic revision in the certification requirements or a definite change in the teacher hiring process by local trustees.
Regarding the present certification process, a business education teacher could retain his secondary endorsement in physical education for an indefinite period of time without ever taking additional physical education credits. The majority has stated that business education and physical education are comparable positions, and the result could be that a physical education teacher of thirty years experience, with a secondary certificate in business education but with no additional credits in business education and never having taught business education, could replace a non-tenured teacher with a major in business education. Most trustees, *340 and many parents, would justifiably conclude that such a preference could not result in quality education.
Regarding a possible change in hiring practices, the Appellate Court of Illinois in Newman v. Bd. of Education of Bluffs Community Unit School (1981), 424 N.E.2d 1331 at 1336, made the following observation:
“When a local school board initially hires a teacher for a particular position, it has available his college transcript and from it can determine whether thait person is academically qualified to teach the courses that will be assigned to him. It is a peculiar anomaly of the system that the local board may then be required, under the Tenure Act, to allow that teacher to teach other courses, for which the board would never have hired him — in the first instance — because of his disastrous performance in his college courses in those subjects. As it stands, the system works to the disadvantage both of schools and of some prospective teachers, for it encourages local boards to look at an applicant’s academic qualifications in areas for which he is not being hired. Thus, a person who is especially well qualified academically to fill a particular position might not be hired because of the local board’s fear that some day it may be required to put him in a position which he would not be academically qualified to hold.” (Emphasis added.)
In my view the District Court failed to properly consider the educational policies pronounced in the Constitution and by the legislature along with the management rights of local boards of trustees. I would reverse the order of the District Court and would reinstate the determination of the State Superintendent of Public Instruction and the Custer County Superintendent of Schools.